here argument in our second case United States v. Foreman little bit of color in this dreadful weather I'm a University of Georgia Bulldog too I can't I can't help it good morning and may it please the court my name is Amy Lee Copeland I represent the appellant Evan Foreman with me today is my colleague Scott Morris who represents the appellant Michael Foreman who is also Evans brother I will discuss today the issues of the appeal waiver and the 3 1.1 B claim and mr. Morris will discuss his clients career offender designation as an initial matter this court should decline to dismiss this appeal based upon the appeal waiver instead here it's merits in this case both defendants signed plea agreements that generally waived a sentencing appeal if their sentence fell within the guidelines range and the district court so advised him at the rule 11 hearing but what happened in this case is that the sentencing hearing the district judge says to the parties can you tell me about this appeal waiver mr. Morris first responds listen it's the standard appeal waiver as far as I can tell I can like and then the government says about this appeal waiver that listen judge the defendants can challenge whether you whether you the district judge incorrectly calculated the guidelines in order to arrive at that sentence the judge even asked the prosecutor to clarify this does this go to our career offender determination yes it does this colloquy between the prosecutor and the district judge continues for about three or four questions and then the judge says then well then we need to take up some other issues and then it begins to address mr. Michael Foreman's career offender guideline it's our position this morning that those statements amounted to an oral modification of the plea agreement you think the government can unilaterally change the plea sure it's the draft unilaterally unilaterally without any agreement from you so the government could have said the agreement is would be more onerous to you and that so maybe you're right so maybe I don't want to go there but in this situation certainly the way the fourth orchestra it was it was it sensing that's correct already had the plea been accepted your honor I wish I could answer that confidently for you I in my district whether the plea had been accepted at the plea been accepted at the time of the plea or the acceptance of the plea I believe it is accepted the time of the plea but as I'm sitting here I will have an answer for you about that at rebuttal I apologize for not being able to answer that to you now that might be that might be the match then yeah I think you're probably right about that just came and I like I said I apologize for not knowing there's a whole their days maybe weeks go by between the time that we is entered in the sentence that is correct your honor months I think is but looking at this court's jurisprudence about plea agreements you construed against the government the drafter because it's not a typical deal between contracting parties of course it's more I hesitate to say an adhesion contract but the government really does have greater bargaining power and in this case my clients I think are entitled to hear what the government says the government's interpretation of its own contract and at the sentencing hearing the government interpreted the contract in a way that gives my clients the right to pursue this appeal on the merits and from a standpoint of having my client being able to trust what the government says I think that you all should hear it to fill on the merits you know I'm just speaking personally and of course not on the record my client very much did listen to what the government said and and heard the government to say in this case that he could appeal and just from the PSI my client already agreed he couldn't appeal and and that at that point you'd already entered into agreement now the question is whether it's been accepted or not I don't know the answer either right but if it if he can appeal what have you got what kind of issues you got sure yeah the issue that my client raises exclusively and mr. Michael Foreman has a second issue just goes to this whole notion of 3d 1.1 be acceptance of responsibility it requires a timely notification of intent to plead thereby permitting the government to avoid preparing for trial and permitting the government the court to allocate their resources efficiently my client got arrested in June 2011 at that time he made a confession not to all 11 substantive acts and eventually complaint contained in the third superseding indictment but he admitted to a number of those acts the he tried to plead plea negotiations continued throughout the case he and his attorney consented to four speedy trial act motions throughout the case the first two all of them were filed by the government the first two represented that plea negotiations were ongoing the second two talked about the government wanted to avoid preparation for trial or they had an extensive trial ahead and they would need to gear up the machinery if this case had not been resolved your honor my client continued to agree to those and eventually he and the government did strike a plea deal Michael Foreman's plea agreement was about 12 months after he first became involved in the federal court proceedings Evan Foreman's pleading was about 15 months after he became involved in these federal how long before trial was your honor I believe that Evans was the later was about a couple months before trial three months maybe he was in August of 2011 trial was scheduled for November of 2011 I think it's significant that the docket sheet does not reflect that any any motions in limine or dire request to charge anything of that nature had been filed on the docket by the time my client entered his guilty plea what strikes me is particularly interesting is that page 153 of the joint appendix in arguing against this extra level of reduction for the Foreman brothers the government makes this statement the majority of the conduct was charged in the third superseding indictment and is disputed by the defendants in fact the only conduct to which the defendants were willing to plead guilty was that to affirmatively confessed in post arrest statements multiple prior plea offers containing additional relevant conduct by the defendants were rejected so from reading this statement and as the appellate lawyer I was not involved in the accounts my my man had I believe 11 substantive he pleaded guilty to the conspiracy charge that encompass guilty to one correct your honor is that what they wanted to do at the beginning your honor again I was not involved in these negotiations I get that judge you're the only one here answering questions I get that your honor and the record shows as I understand the record the conspiracy offer what was what was on the table plus a 924 C for my client got ended up with with the conspiracy he ended up with the conspiracy and he ended up with a 924 C you played guilty to the 924 C also he did guilty to two counts he did I thought you said he played it played guilty to a conspiracy count I'm sorry not any substantive Hobbs Act and when you look at the elements we guilty to one count or two count I'm sorry he pled guilty to two counts one count sorry one count was a substantive conspiracy guilty to and at the beginning of the plea negotiations had they asked him to plead guilty to two that is my understanding from reading the record and the two so the he no change in the in the from the beginning to the end as to what they wanted him pleaded that is my understanding from reading the record he was willing to plead guilty to conspiracy to commit Hobbs Act which doesn't require you play guilty two or three months before the trial that is correct after it had been extended and he was specifically put to him if he understood that he was waiving his right to give up your agreeing to give up your right to appeal any sentence yeah that yes sir was that was part of the plea agreement that was undertaken at the rule 11 college and he was expressly it wasn't even just in a written plea agreement he was asked the question by the district court yes the facts are what they are and I know but I want you to acknowledge the fact yes the facts are if you read the rule 11 transcript the district judge did go over the appeal waiver with him scrutiny detail wanted to make sure that he understood the difference between the sentence if he were a career offender in the sentence if he were not deemed to be a career offender and that he'd given up his right to appeal your honor that is also part of what the rule 11 colloquies but then at the sentencing hearing when asked to explain the terms of that agree the government then says that he can appeal the issue that he now raised what's the impact of the fact that the government didn't raise the appeal waiver in its opening brief your honor I think the rules are pretty clear that you have to raise all issues in contention in your opening brief what about is there is there some established law that you know about that if you raise it in a motion the court denies the motion that you have to rearrange it candidly your honor I could not find that law right to be perfectly honest with you know those are the facts we have here those are the fact that the government did in fact file a motion to dismiss raising the government didn't raise it in their opening brief they raised it before that in a motion and they misrepresented the court what it's agree but say it about waiver correct that is correct but all kinds of twists and turns here it does your honor and then you and then you just want to raise that one issue that's it your honor is the three 1.1 B issue based on a client who would have pleaded to this early and agreed without opposition to all sorts of speeding trial motions thank you and I'll finally answer to your question judge yeah no we appreciate may it please the court I'd like to address the issue of whether the district court aired when it concluded that my client Michael Foreman was a career offender and in this case the district court did air because it applied the wrong burden of proof and analyzing two of Michael convictions underlying that determination now he's got the same issue on the appeal waiver that we just argued yes you're identical yeah we have heard that the identical issue and I did not put arguments but if you get past that you want to raise the career offender and the acceptance responsibility yes your honor okay and I would rely on the comments of my esteemed colleague with regard to those first two issues that she's addressed Michael Foreman introduced substantial objective evidence from the court files with regard to both of the convictions that are at issue both of those prior convictions and that objective evidence cast serious doubt as to whether he was represented by counsel when he entered his guilty pleas to those counts in Baltimore City thus Michael Foreman met his burden of production by introducing objective evidence sufficient to support a reasonable inference that his pleas were uncounseled however the district court aired by assigning Michael Foreman the ultimate burden of proof the district court should have assigned the burden of proof to the government and required the government to show by preponderance of the evidence that the pleas were in fact counseled even when in fact we are supposed to apply a strong presumption of regularity to these records that suggests that the onus is on your client to show otherwise your decision by the Supreme Court and other other decisions of this court that there is a presumption of regularity that attaches to final judgment the applying to the defendant a burden of production does not undermine and in fact supports the presumption of regularity the presumption of regularity assumes that the underlying conviction is valid until the defendant comes forward with some otherwise but once the defendant has come forward with something other than a silent record other than his own self-serving statements but comes for with objective evidence that then satisfies that burden of production which overcomes the presumption of regularity and at that point under circumstances like we have here where the defendants claim is that he was on his plea was uncounseled then the burden should shift to the government to show by a preponderance of the evidence that the guilty plea was counseled so we're not arguing against the presumption of regularity we believe that applying a burden of production takes into account that that presumption of regularity if the district court had applied the correct burden I believe the record is and the district court would have been found that the two prior convictions could not be counted for sentencing guideline purposes and thus that Michael Foreman was not a career offender and this would have had a dramatic effect on the advisory guideline range that would have been applicable to Michael Foreman as the court found it his advisory guidelines as a career offender were arranged between 151 to 188 months whereas if he were not a career offender and those convictions were not counted against him then his guideline range would have been in the range of 51 to 63 months so a difference of more than 12 years down to a sentencing range more in the realm of five years of course the district court in this case said that even if there was a mistake that it would have applied would have entered the same sentence suggesting that any error in this case was harmless how do we deal with that yes your honor the but and we believe that the second prong is not satisfied that is that the resulting sentence would have to be reasonable despite the error and we submit that it would be patently unreasonable for the court for a court a district court to impose a sentence of 12 years on a defendant whose sentencing guideline range was more in the range of five years personally I'm not familiar with or aware of any decision in the district of Maryland where a judge has made would have made such a dramatic change from the advisory guideline range typically judges stick pretty close to the guidelines if there's a departure it's often downward even a slight upward departure would be somewhat unusual but in the district in the district of Maryland and perhaps through this circuit but you would know better but I would argue that a you know an upward variance going from a five-year range up to a 12-year range would be unreasonable and I would further argue that it would be patently unreasonable for the district court in this particular case if the court remands for the court to impose the exact same sentence if in fact this courts determination is that as a result of playing park that mr. Foreman is not a first I want to credit you for coming yourself thank you your honor these self-inflicted wounds are the worst they are we're certainly here today because I made a mistake at at sentencing and as much as a USA strive to be perfect in their representations to the court sometimes mistakes are made and the what should the effect of my mistake at the sentencing hearing be and I would submit to the court that there should be no effect with respect to the plea agreement because of the specific circumstances here so we let lawyers negligently misrepresent facts to the court willy-nilly I certainly wouldn't go so far former United States attorney and those are the people as you may know from the District of Maryland that hold the United States Attorney's Office to their highest and I certainly respect I think was that the rule ought to apply to every lawyer if a judge asked a question here this courtroom or in Maryland or anywhere else the judge expects to get the straight scoop from the lawyer and I'm not asking any expersions on you intentionally that you intentionally misled the judge but the if you don't know the answer then you don't you say you don't know we do that you did that all the time sure sir but when when you make representations to the judge they got to be accurate absolutely all agree with that absolutely and if it if it's a yes sees me the simple solution for the government would be in would have been when it came up here we're not going to seek to enforce the plea waiver because he he agreed to it and we mistakenly misled the court at the sentencing proceeding as to what it provided so we're willing to litigate the issues on the merits let the ship fall well about 98% of the time when you go up here you win anyway certainly that was one option but and certainly had I made this mistake at the time of the agreement I would not be here asking for this case to be dismissed there's no question about that and certainly if the mistake at sentencing had been one that was to the detriment of the defendants I would not be here asking for my statement to be ignored but in this particular case this was not a situation in which there was detrimental reliance by the defendants at the time that they entered the plea there was not even I don't think the record shows any detrimental reliance by the district court based on my statement in making his sentencing finding there and frankly I think it would be improper for him to take into account whether or not his decision was appealable in making his ruling his obligation is to make the best finding that he can and there's nothing in the record that would suggest that he did otherwise record have the written waivers in front of him didn't sound like from my reading of the record he was relying on you to tell him what he certainly he certainly had them at the at the time the pleas were entered I'm not sure he certainly must not have been looking at them at the time he asked me the question and frankly neither was I and that was my mistake but the revision sort of unusual no no no no this is the standard and in fact both Mr. Morris and myself our initial response to judge Bradar was it's the standard waiver of appeal and then there were follow-up questions and that's where I misspoke I'm sorry I'm not my question was not clear was the the the actual thing that exists the norm or was what you told the district court the norm the actual provision in the plea agreement written paragraph is the norm is the norm what I said was not the norm right and frankly there were this plea negotiation was was protracted and I'll talk about that a little bit with respect to the the acceptance of responsibility point but there is a presumption in this case or presumption in this in this circuit that written appellate waivers are to be enforced and there and there is an integration clause in these plea agreements paragraph 14 of Michael Forman's agreement at Joint Appendix 118 paragraph 16 of Evan Forman's agreement at Joint Appendix 139 that say these agreements cannot be changed without a writing signed by both parties and to permit and to permit an oral modification here where that where the mistake did not harm or cause prejudice to the defendants in any way basically renders integration clauses in plea agreements well but your concession which you know good for you where you said if there had been detrimental reliance you wouldn't be making this argument that would seem to be contrary to the integration clause as well if there'd been an oral representation by the government upon which the court or the parties had relied right it would but that's the situation where fundamental fairness and due process may trump the integration clause but there isn't that here and indeed the detrimental reliance case from this circuit which is would that's really a plea colloquy but why do we need the detrimental reliance in a situation like this why wouldn't we just sanction the government for a situation like it or whichever side it comes from where a lawyer misrepresents negligently misrepresents the court if the lawyer intensely misrepresents I think it's probably a disbarment offense we don't have that here but when you but if a lawyer negligently misrepresents to the court we can't have that either just however don't worry about it say we're not going to pay attention to this this thing and go right on to the merits of the case and here you didn't even raise it in your in your first appeal brief anyway well and you got the argument well we raised it in a motion which was denied so we didn't think we had to raise it anymore it was less that we didn't think we had to raise it and more that we thought that the issue had been resolved against us and and at that point we didn't see the need to belabor an issue that the court had ruled on when the supplemental briefing order came down it became clear that that was a misunderstanding on our part which we apologize for but certainly the fact that the motion was denied suggested to us that this was not a proper issue for concerns regarding my misrepresentation and if I could address I'm sorry no no that was nice of you to stop I hadn't even asked I guess that your argument is that in this case it doesn't really make any difference to you because you think that you win if we look at the merits of these arguments what you might be worried about is the next case where there is a negligent misrepresentation by the government after there has been a written plea agreement accepted by the government the people United States if you will be put in be held against them where it would make a difference on the merits there won't be for me but but yes your honor's point is is correct this is the reason why we have because despite our best efforts occasionally mistakes are made but see I again I come back to the fact that you said that if there had been reliance you wouldn't have relied on the integration clause well we just supposed to I mean I'm probably willing to defer to the United States Attorney's Office as much as anyone else but is this all within your discretion whether you're going to rely on it or not certainly seeking to enforce it is within our discretion the reason why I say if there were detrimental reliance or a violation of fundamental rights that we wouldn't that we would stand by our misstatement is because that's what the case law has suggested that's what would suggest that's what Martin suggests and those are very very different cases from what's here in Martin the government said that the defendant had earned a 5k motion but they were going to wait for a rule 35 B motion and that motion was improper and and the defendant was thereby deprived of something he was entitled to that's a very very different situation from this and in wood there were misstatements made at the time the guilty plea was entered about what exactly the defendant could challenge at sentencing so that is a very different case this is this case is more like the cases that we cite with respect to judicial misstatements regarding the waiver of appeal and I still certainly take Judge King's point very seriously but but the effect on the defendants with respect to either reliance or their fundamental rights is is the same as if the judge had misspoken about the about the suppose there's still an open question as to does that matter to the it might in fact I believe that it would however in this case these pleas were accepted at the time of the rearrangements for Michael Foreman on July 2nd they were accepted at the plea proceeding at the plea proceeding and the pleas were entered on the docket at that time and that's reflected in the government the judge said I accept the pleas guilty yes the agreement yes and and that would be contained in the transcripts I attached to our motion to dismiss exhibits a and B I don't have this specific page site but he certainly at the conclusion of those guilty plea hearings accepted their pleas of guilty let me with the few minutes that I have remaining let me address the two substantive issues which if the court decides to consider them I think that they I think they're interesting points for clarification for our practice in the district court with respect to the 3e 1.1 issue with regard to the third level if this is not a case in which the government is not entitled to withhold the motion then I'm not sure that there's any case where the of 2012 and this is in district court ECF number 79 I filed a letter with the district court stating that plea negotiations were not ongoing with Evan Foreman and that a plea with Michael appeared not imminent and in the context that was filed in the context of a speedy trial motion that had been in the context of trying to get a speedy trial order that plea negotiation against interest exactly exactly that's how far plea negotiations had fallen off in this case and it wasn't simply an issue of how much conduct Evan or Michael were willing to agree to it was a question of how much time they were and he could you know I certainly provided a statement of facts but if he had said I'll take the 25 but I'm not willing to admit to this and that then he would have been able to plea and we would have gone our way so it was not simply the conduct that was at issue it was the length of the sentence and as the court knows the plea hearing that we ultimately arrived at reflected just how difficult these negotiations negotiations were there was a provision if he is found to be a career offender provision if he's not found to be a career offender these this was all the result of a protracted discussion and and he was never willing to admit I wouldn't even say that this is true relevant conduct I would say that this is part and parcel of the offense of admission of guilt with respect to count one the conspiracy was not sufficient to permit the district court to impose a just punishment he was willing to admit that he conspired but he but he was unwilling to admit the scope of the conduct that would allow the district court to understand what a just punishment would be and that is why we had this this extended sentencing hearing that lasted almost the entire day but he read what she said a couple of months before the trial was going to be set well the timing of his actual plea in advance of trial doesn't necessarily reflect the amount of trial preparation that is my was her represent correct that he played a couple of months before the plea for the travelers began the trial was originally scheduled for September 10th well let me back up one step further there was a motions hearing in May and there was a motion for severance and after analyzing the evidence in the case to determine whether or not we could successfully proceed on a joint trial the government conceded that motion and agreed to a September 10th and Evans trial was not scheduled until November Michael pled in July Evan pled in September so both of them pled too much before their trial few months before their trials however from May from May 15th until July 2nd when Michael Forman pled I was preparing for two trials at that point and from July 2nd until September 13th when Evan Forman pled I was preparing for Evan Forman's trials that was essentially four months of trial preparation that I was engaged in with respect to these defendants and that included interviewing witnesses it included issuing subpoenas it included obtaining new evidence in the form of phone records the agent in this case listened to literally hundreds of hours of jail calls and that's reflected in the sentencing transcript hundreds of hours of jail calls involving the defendants in order to obtain new evidence for trial and and so that work was all trial preparation and the fact that it wasn't ultimately used for a trial doesn't affect my determination that I had expended significant amounts of trial because we could not reach a plea agreement and to their point that well they would have pled to you know they would have pled a year earlier had I've been willing to accept what they were willing to plead to that's not how plea negotiations work so you're so they get more time because they'd drive a hard bargain or their lawyer drives a hard bargain well that's sort of what the adversary system is all about and they could have pled guilty at any time without a plea agreement that's right that's right where they could have pled just to the counts that they wanted to plead to so or not then it would have been my choice but they certainly would have been entitled to would have been they would have been entitled to the acceptance of responsibility credit so I think that and if you look at Diven's this case isn't they aren't compelled to by Diven's I don't think Diven's even truly supports their argument for a third point when you look at the cases cited favorably in that decision and I know the judge Motz is very familiar with that decision but the Beatty case cited favorably that is a case that deal almost entirely with the efforts that the government had to make at sentencing in order to resolve issues of factual dispute so I think that I think Diven's ultimately supports our position that that a third level is not appropriate here and with respect to the burden of proof with respect to the prior convictions I think that this is if not settled law in this circuit certainly the case law strongly suggests that the burden not only of production but also proof is on the defendant when collaterally challenging a prior conviction in federal court not only does Park v. Raley cite approvingly a variety of this is decisions in which the entire burden is placed on the defendant but the Jones case out of the Fourth Circuit and then followed up by Hondo in 2004 the court says that this is an especially difficult burden that the defendant bears that he has the conviction was invalid that's from Hondo and in Hondo your honor dissented on the facts of that case but even in your dissent you recognized that the burden of proof was on the defendant you said I recognize that the burden is on Hondo to demonstrate that he was not aware of the dangers etc etc I believe that he has made that burden improved by a clear preponderance of the evidence that the that his right to counsel was not effectuated there so even in dissent your your honor recognized that this is a burden for the defendant and the facts of this case don't support invalidating the convictions the robbery conviction from 1996 listed an attorney James Salkin present at the time of his appendix 204 at Joint Appendix 226 there is a reference from almost a year earlier of a letter from mr. Salkin to the clerk's office that was forwarded to the office of public of the public defender which indicates that that's the point at which mr. Salkin entered the case there'd be no reason for him to be referenced in the docket if he were simply stand-in counsel so the record on that in that case supports finding that the conviction was valid and I'm sorry I'm over time I want to ask you and I appreciate your discussion of the merits of these claims but I want to get back to a point that judge King made is that obviously without a concession by the government we're gonna have to address the question of waiver and it may of course I'm not predicting how that's going to come out but given the unique circumstances of this case and and I appreciate your honest concession that you made a mistake here wouldn't it be appropriate that just King suggested to say under the unique circumstances of this case we're simply not going to rely on the waiver and you also said that these issues present interesting points of law that might clarify our practice in Maryland which might suggest that you might want us to you know you have been jerked around by us on this you know first we denied it then we asked you for briefing on it then we asked you if you could reach it so I think I would be in favor of letting you go back to your office and talk about whether or not you would be willing to drop the waiver my response was going to be I don't think that I have authority at this point of my pay but I don't want to misrepresent anything I'll give you some more advice if you come down here again in one of these tough situations have authority okay that's fine we need to be able to thank you whoever we have standing there but in fairness we in this particular case I appreciate that your honor and I a letter copy to the other side telling us what your position is with for going with the waiver absolutely thank you we're gonna have to wait for coming attractions on that argument but you can go ahead and make your argument thank you judge King my opponent is correct the judge did accept the plea agreements at the guilty plea and I apologize for not knowing that of course do it differently I mean we see it where they hold it off to the sentencing and prove the plea agreement the last minute and that's my home courts practice also judge if you look at the JA 294 the judge does make a statement after going through what the plea says about the appeal waiver all right that's for the record in light of that I think it's necessary then mr. Morris to review the third conviction so there is some indication from the record at least that the judge did make some different decisions or go into some areas that perhaps he would not have without this indication prior to that discussion of what the appeal waiver said on JA 288 the district court does say for the Court of Appeals OPD in Maryland means Office of Public Defender so there's a little bit of suggestion that the judges conducted sentencing somewhat differently based upon the representations JA 293 also has what was said about the time are there appellate waivers in your plea agreement mr. Morris I believe they're the standard terms I'd have to double-check your honor mr. block it's the standard waiver of conviction that they have not waived the right to contest the court sentencing determinations with respect to criminal history and talking again about the briefing issue candidly I thought the issue of the appeal waiver is why you set it for oral argument because I got the oral argument notice immediately after the motion to dismiss response so as an advocate I was just surprised not to see it in the brief but I do understand that they made their motion turning back then to the 3 1.1 B issue the government says that the plea negotiations initially weren't focused on conduct but more on the time that he would get to serve you plead guilty to an offensive conviction not a particular sentence in this case it's my position that Evan and Michael were both willing to plead guilty to the conspiracy charge in count one and Evan later but also to the 924 C and count 11 of the third superseding indictment and that the conduct they pled guilty to enough because the 951 elements don't encompass any sort of admissions to specifically to conduct I mean you have to have a factual basis to get you through a plea colloquy but the 951 is a little bit more bloodless than that the elements of the offense so it's our position today that when he offered to plead to count one and to give enough to make it in 951 conspiracy a Hobbs Act conspiracy did timely agree in a timely fashion to admit the offense truthfully admit the offense comprising the offense of conviction and as a result the speedy trial motions everything that continued to delay it we're outside of his his can and he should have been given the three 1.1 B reduction I'm out of time is any questions thank you very much addressing the government's points with regard to the issue of whether Michael Foreman was was determined correctly to be a career offender the government discussed briefly Park Jones and Hondo Park of course is the controlling case in this case from the Supreme Court in that case the Supreme Court made it clear that they that it's fair to impose a burden of production on the defendant the court used that term production in its holding and again in another instance in that decision so parks clearly stands for the proposition that a defendant has a burden of production it does not stand for the position that the government is advocating that the defendant further bears the burden of the Jones and Hondo decisions of this court are both distinguishable and that the distinctions are set forth in our reply brief but briefly and perhaps most importantly Jones was decided before both Park and Custis and so I believe that the analysis and discussion in Jones is inapplicable after the Park decision and Custis decision came out furthermore Jones was about the issue there was the ineffective assistance of counsel claim Hondo also is distinguishable and I want to make sure that I mentioned that I would the supplemental authority that I filed earlier this week when I became aware of it your sister circuit to the north the DC circuit in Martinez Cruz addressed a situation that's directly on point with the contention of Michael Foreman in that case the defendant asserted that plea was uncounseled the defendant produced objective evidence casting doubt on whether his plea was properly counseled he did not rely on a silent record he did not rely on self-serving testimony and under that limited set of circumstances the DC Circuit held that the burden shifts to the government to prove by a preponderance of the evidence we believe that that analysis is the appropriate analysis for a situation like this the narrow circumstances just described and that under that analysis the court should find that Michael Foreman was not a career offender and should be banned for resentencing thank you very much we will come down and greet the lawyers and then take a short oh are you court-appointed yes we appreciate your efforts we couldn't do these cases without the good effort
judges: Diana Gribbon Motz, Robert B. King, Albert Diaz